*Beldene, for appellant.*

*Cleaver, for appellee.*

---

## R. K. GRAVES *v.* A. MOTHERHEAD, ET AL.

**Executors and Administrators—Settlement With County Court.**

A settlement by an administrator with the county court is prima facie correct, and credits allowed the adminstrator in such settlements cannot be set aside on proof that the debts paid did not exist, or ought not properly to have been paid.

**Executors and Administrators—Loss of Property.**

Where an executor in accepting the conveyance of a house and lot, acted for the estate, with reasonable prudence and discretion, loss resulting from the burning of the house should not fall on the executor, but upon the estate.

**Wills—Executor as Devisee—Consistent Position.**

An executor who is a devisee in a will cannot hold as devisee and claim against the will.

**Executors and Administrators—Executor Purchasing at Own Sale.**

Although an executor has no right to purchase at his own sale, yet if he chooses to do so he cannot complain if he is compelled to account for the property at its appraised value.

**Executors and Administrators—Collection of Debts—Diligence.**

An executor is required to exercise reasonable diligence in the collection of debts owing the estate.

**Descent and Distribution—Advancement.**

The evidence was held not to show the gift of a slave to one of the testator's children, but merely a loan of the slave to her, and that the slave was improperly charged against her as an advancement.

APPEAL FROM OWEN CIRCUIT COURT.

October 17, 1873.

Opinion by Judge Lindsay:

The credit for $341.67, for amount paid on the debt of Ford to Staiar, was properly allowed to the executor. In the county court settlement, which appellant seeks to surcharge, this credit was allowed him; and the question can not be raised in this action as to whether Staiar had properly verified his debt before it was paid. The county court settlement is *prima facie* correct, and in this proceeding the credits allowed in that settlement can only be set aside upon proof that the debts paid did not exist, or ought not properly to have been paid.

We are of opinion, from the proof, that in accepting the conveyance of the house and lot, the executors acted for the estate, and acted with reasonable prudence and discretion; hence the loss resulting from the burning of the house should fall not upon them but upon those for whom they acted.

The second exception of appellant should have been sustained, not only from the preponderance of the evidence against the executor's claim to own one-half instead of one-third of the stock, but because the testator disposed of two-thirds of said stock by his will, and thereby asserted claim to that much of it. The executor, who is a devisee and claims under the will, can not set up claim to property devised. He can not hold as devisee and claim against the will. We conclude, therefore, that the court erred in overruling this exception. The third exception was properly sustained for the reason given above. The fourth exception was also properly sustained.

The fifth exception was correctly overruled. An examination of the book in which the testator entered the advancements made to his different children, satisfies us that the four hundred dollars advanced to Mrs. Graves and first mentioned in the charges against her, was not made up of the two items of $245 and $155. There is no greater reason why these two charges should have been included in this first charge than the $20 given her to buy the cow. Besides this, the charges first entered against William T. Motherhead and Malvina I. Berry are all made in the exact manner in which the first charge is made against appellant; and it can not be supposed for a moment that these amounts were made up of the subsequent charges against these parties.

The executor's first exception was properly overruled. He had no right to purchase at his own sale. He chose to do so, and he can not complain that his purchase is held for naught, but be compelled to account for the property at its appraised value. His second exception was also properly overruled. Whilst he can not be held to the highest degree of diligence in the collection of debts in favor of the estate represented by him, he ought to use at least reasonable diligence in their collection. Ford did not become insolvent for more than a year after he qualified as executor, and yet he did not sue at all, nor take any steps to coerce the payment of the debt. Other parties, not shown to have been persons of extraordinary prudence or energy, did sue and collect their claims, and yet appellee, acting as a fiduciary, whose duty it was to collect the debts in his hands as rapidly as he could reasonably do so, took no legal steps to collect this one. The loss must, therefore, fall upon him, he not being able to show that reasonable diligence would have availed nothing. His third and fourth exceptions were properly sustained, and his fifth properly overruled.

The exception by all the defendants on account of the failure of the commissioner to charge Mrs. Graves with the value of the negro girl received from the testator in 1860, ought, in our opinion, to have been overruled. The testimony of the assessor amounts to but little. He does not fix the year in which his conversation with the testator was held, and his book shows that the testator listed as many slaves over the age of 16 years in 1860, '61, '62 and '63 as he did in 1859. The shoemaker's testi-

mony may be true to the letter, and yet it does not follow that the slave was given to Mrs. Graves. If loaned to her, the result that a less number of said shoes would be required for the slaves kept at home would follow just as well as though it had been a gift instead of a loan. The statements made by the testator to Dorman whilst his will was being written is the only evidence conducing to show that he gave the girl to Mrs. Graves.

Against Dorman's recollection of what these statements were, the appellant produces the letter written to her by the testator in January, 1860. This letter shows upon its face that they were to get the girl only upon the condition that their situation was such as to require help, and they were to have her only during that year, viz., 1860. Considering this letter and the fact that no written memorandum of the supposed gift of the girl to Mrs. Graves was made by the testator, notwithstanding he did charge most of the advancements made to his children, we do not regard the testimony as authorizing the charge against her of the value of this slave as an advancement. The court, therefore, erred in sustaining this exception, and charging this amount against her. The judgment is reversed and the cause remanded for a judgment conformable to this opinion.

*Montgomery, Revill, for appellant.*

*Drane, for appellees.*